UNITED STATES of America, Plaintiff-Appellee,

v.

James D. DUCHARME, Defendant-Appellant.

No. 74–2013.

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1974.

John Rakus, Sacramento, Cal., for defendant-appellant.

Dwayne Keyes, U. S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

The appellant has appealed from his conviction on two counts of having knowingly and wilfully supplied false information on his Employees Withholding Exemption Certificates in violation of Title 26 U.S.C. § 7205.[1] He was sentenced to serve a period of six months on each count, to run concurrently, to be confined in a jail-type institution for 60 days to be served on weekends, and the balance of the sentence of imprisonment was suspended and appellant was placed on probation for a period of three years. As a condition of probation, appellant was ordered to pay a fine of $500 and the costs of prosecution.

After carefully reviewing the record, we are of the opinion that the conviction of appellant should be affirmed, but that the sentence imposed must be, and hereby is, modified by eliminating therefrom only the condition of probation that appellant pay "the costs of prosecution." Section 7205 does not authorize the assessment of costs in addition to a fine as do other sections of Title 26, e. g., 7201, 7202 and 7203. The maximum fine authorized for a violation of § 7205 is $500 and the assessment of costs of prosecution is tantamount to increasing that fine.

Appellant, protesting the withholding of income tax from his wages, elected to file false withholding tax forms, in order to make certain that no taxes would be withheld, by specifying a sufficient number of nonexistent dependents, by falsely declaring he incurred no liability for Federal income tax for the previous year (1971) and that he would not incur any liability for income tax for 1972.

The offense under § 7205 is proven when a person, required by law to complete and file an income tax withholding exemption certificate, intentionally uses the form to supply false information. United States v. Smith, Wright, and Poulsen, 487 F.2d 329 (9th Cir. 1973); United States v. Milton Harold Ironfield, (9th Cir. slip sheet No. 74–1031 dated September 19, 1974); United States v. Malinowski, 472 F.2d 850 (3rd Cir. 1973). It is clear from the record that appellant filed the forms knowing the information supplied thereon was false.

A primary contention argued by appellant is that the instruction on the issue of wilfullness was inadequate and incorrect for the reason that the court did not include the words "bad purpose" or "evil motive," as requested. He argues that United States v. Bishop,

---

* Of the District of Idaho, sitting by designation.

1. Section 7205 provides:

"Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both."

412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973) required the trial court to include the requested language. We do not agree. The court clearly instructed the jury in regard to the applicable law and the meaning of "wilfull" even though the language used did not include the words "bad purpose" or "evil motive." [2] The instructions given by the court were in substantial compliance with Bishop and appellant's requested instruction would not have added anything. United States v. Smith et al., supra; United States v. Hawk, 497 F.2d 365 (9th Cir. 1974).

Appellant argues that he was denied a speedy trial in that eight months elapsed between the date of the offense and the indictment, and a delay of 11 months between indictment and trial. The record shows that there was no attempt by the government to delay the trial and no assertion by appellant of denial of a speedy trial until the morning of the trial. Moreover, appellant has not shown any prejudice as a result of the claimed delay. United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) holds that the guarantee of a speedy trial is applicable only after a person has been accused of a crime. The delays as shown by the record here do not justify appellant's speedy trial argument under the rule as set out in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Appellant has raised several other issues and after carefully considering them we are of the opinion that none of them have any merit. Appellant was accorded a fair and impartial trial and no reversible error occurred thereat.

Affirmed.

2. "You are instructed that in this matter, in order to constitute the offense charged against the defendant, you must find that he willfully supplied false or fraudulent information to an employer under Section 3402, Title 26, United States Code. If you find that the figure written upon the W-4 form were [sic] entered as a result or mistake, inadvertence, or error, that is nonsufficient to constitute the offense charged against the defendant."

\*　　\*　　\*　　\*　　\*

"An act is done knowingly, if done voluntarily and intentionally with complete awareness and not because of mistake or accident.

An act is done willfully if done voluntarily and intentionally, with the specific intent to do something the law forbids, that is, with the intent to disobey or disregard the law.

You may not treat the defendant's belief and the unconstitutionality of the income tax as a possible negation of criminal intent. The defendant's motivation in this case, the fact that he was engaged in a protest in his sincere belief that he was acting in a good cause, is not an acceptable legal defense or justification.

The offenses charged in the Indictment are complete when a person required by law to complete and file a withholding form knowingly and willfully uses the form to supply false information to his employer. It is not necessary for the government to show that the defendant intended to defraud the government or his employer or that the government or his employer relied upon the false form or that the government lost revenue as a result of the defendant's actions." [R.T. pg. 406-407]