**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles J. QUILTY, Defendant-Appellant.**

**No. 75–2155.**

United States Court of Appeals, Seventh Circuit.

Argued June 4, 1976.

Decided Aug. 30, 1976.

Rehearing and Rehearing En Banc Denied Sept. 28, 1976.

Stuart R. Lefstein, Rock Island, Ill., for defendant-appellant.

Donald B. Mackay, U. S. Atty., John H. Germeraad, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

**174**

Before CUMMINGS and BAUER, Circuit Judges, and GRANT, Senior District Judge.*

CUMMINGS, Circuit Judge.

In August 1975, a two-count criminal information was returned against defendant. Count I charged that on January 2, 1974, defendant willfully and falsely stated on a Form W–4E Withholding Exemption Certificate that he incurred no liability for Federal income tax for 1973 and anticipated no such liability for 1974, in violation of 26 U.S.C. § 7205.[1] Count II was to like effect with respect to 1974 and 1975. The jury returned a verdict of guilty, and defendant was placed on probation for a concurrent period of three years as to each count.

The statute cited in the information makes criminal a refusal to comply with 26 U.S.C. § 3402. 26 U.S.C. § 3402(f)(2)(A) provides:

"On or before the date of the commencement of employment with an employer, the employee shall furnish the employer with a signed withholding exemption certificate[2] relating to the number of withholding exemptions which he claims, which shall in no event exceed the number to which he is entitled."

In turn, 26 U.S.C. § 3402(n) provides in pertinent part:

"Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary or his delegate may prescribe) furnished to the employer by the employee certifying that the employee—

"(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and

"(2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

"The Secretary or his delegate shall by regulations provide for the coordination of the provisions of this subsection with the provisions of subsection (f)."

For the years in question, defendant delivered to his employer, Sandstrom Products, Inc. of Port Byron, Illinois, executed Treasury Form W–4Es containing the following language:

"Under penalty of perjury, I certify that I incurred no liability for Federal income tax for 1973 and that I anticipate that I will incur no liability for Federal income tax for 1974."

This statement is the concluding printed language on the W–4Es.

At trial, the Government submitted the following income tax data with respect to defendant:

---

* Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

1. Section 7205 provides:

   "Any individual required to supply information to his employer under section 3402 who willfully supplies false or fraudulent information, or who willfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof, be fined not more than $500, or imprisoned not more than 1 year, or both."

2. Section 3402(f)(5) empowers the Secretary or his delegate to provide for the form and content of withholding exemption certificates.

|  | 1973 | 1974 | 1975 |
|---|---|---|---|
| Gross income | $10,270 | $14,930 | $14,400 (anticipated) |
| Taxable income | $ 4,979 | $ 9,180 | $ 8,650 (anticipated) |
| Computed withholding tax | $ 1,034 | $ 1,833.60 | $ 1,718.40 |
| Taxes actually withheld | 0 | 0 | 0 |
| Computed tax liability | $ 806 | $ 1,640. | $ 1,523 |

Sandstrom Products, Inc. did not retain any withholding taxes because defendant had filed the aforesaid W–4Es with it.

In the presence of his attorney, defendant acknowledged to two Internal Revenue Service agents that he had signed and submitted the W–4Es in order to prevent taxes being withheld from his salary. He said that otherwise the taxes would have been withheld and that he would not have been able to recover them by filing for a refund. He stated that there had never been a successful prosecution for a false W–4E and that he anticipated earning in 1975 what he had earned in 1974. He admitted that he had used the income-averaging method in filing his income tax return for 1974, thus spreading his income in a high tax year over preceding tax years.

■ Defendant first argues that he cannot be validly prosecuted for giving a legal opinion by certifying that he incurred no liability for Federal income tax for 1973 and 1974 and anticipated no Federal tax liability for 1974 and 1975. As we understand it, defendant's argument has two parts. He first contends that the statute does not apply to good-faith assertions about the law which, if correct, would absolve defendant of the obligation to pay taxes. His argument turns on the construction of the term "liability" as used in Section 3402(n), *supra*. In general, liability results from the application of law to a set of facts. Defendant argues that the applicable law includes the Constitution; he does not contend that he must be correct in his

views of constitutional law to prevail. He merely contends that a good-faith belief in the unconstitutionality of the tax laws is sufficient. See *United States v. Bishop*, 412 U.S. 346, 360–361, 93 S.Ct. 2008, 36 L.Ed.2d 941. We disagree. Section 3402(n) defines the applicable law by referring to subtitle A of the Internal Revenue Code, the substantive provisions assessing the tax. As a matter of statutory construction, there is no indication that the concept of "liability" includes any reference to the constitutionality of any provision of subtitle A. The above-quoted language from the conclusion of Form W–4E was sufficiently clear for the average layman to understand this construction of the statute without requiring the embellishment proposed by defendant.[3] Defendant's argument on this point must be rejected.

■ His second claim concerning the applicability of the statute is that the term "false information" is limited to false statements of fact. However, Section 7205, under which defendant was convicted, is not limited to pure statements of fact but covers the willful supplying of "false or fraudulent information." The referral in Section 7205 to Section 3402 shows that Congress did intend to reach the very information which defendant had certified. Therefore, the trial judge instructed the jurors that in order to convict, they would have to find beyond a reasonable doubt that defendant willfully signed the forms "with belief or knowledge at the time of signing that he had or would have tax liability under the

---

**3.** Defendant suggests that the concluding language of Form W–4E should provide:

"I do not anticipate that my federal income tax returns for the years 1973 and 1974 will show any tax computed pursuant to the United States Internal Revenue Code, whether or not any of the provisions of said Code are constitutional, if I am required by such code to file returns for either of those years."

tax laws of the United States." As the Government states, "The nub of the offense is whether the subject matter of the false representation is material—not whether it is factual or legal" (Br. 4). Congress made the instant representation material through Section 3402(n).

■ Defendant raises two other points challenging the applicability of the statute. He claims that 26 U.S.C. § 3402 did not require him to file the W–4Es. While Section 3402(f)(2)(A) permits an employee to file a Form W–4 withholding exemption certificate with respect to the number of withholding exemptions claimed, Section 3402(n) provides for the alternative filing of a Form W–4E before the employee can avoid withholding in cases such as this. The W–4E itself tells a qualified employee that it may be used instead of a Form W–4 and that otherwise federal income taxes will be withheld by the employer. Considering the statute as a whole, including the last sentence of Section 3402(n), it is obvious that Congress intended a taxpayer like defendant to file a W–4E when he does not file a W–4. This was necessarily so held in *United States v. Ducharme,* 505 F.2d 691, 692 (9th Cir. 1974). The charge to the jury was not inconsistent with this construction.

■ Defendant also urges that the information failed to charge an offense, evidently because 26 U.S.C. § 3402 was not mentioned therein. However, each Count refers to 26 U.S.C. § 7205 and that statute refers to Section 3402. Therefore, it cannot be said that defendant was surprised or prejudiced by the failure to mention Section 3402 in the information. An offense was adequately charged in each Count.

■ Defendant next contends that the evidence did not demonstrate that he disbelieved the statement he made in the W–4Es. The court defined willfulness as used in 26 U.S.C. § 7205 as requiring "knowledge that it [the act committed by defendant] was prohibited by law * * *." The jury's finding of willfulness was supported by the evidence. Thus defendant admitted that he submitted the two W–4Es to prevent taxes being withheld from his salary, and that he could not have recovered them by filing a claim for a refund. In his reply brief, defendant asserts he knew he could not secure a tax refund based on his pacifist views (Reply Br. 6–7). This serves to show that he knew he was liable for income taxes and falsified the W–4Es to avoid paying them. He also stated that he had been advised that there was never a successful prosecution for a false W–4E. His own 1974 income tax return showed that he had used the income-averaging method to spread income in a high tax year over several years in order to lower his taxes. He acknowledged that he had withheld 100% of his taxes during the years covered by the criminal information. Since defendant, as a sophisticated taxpayer, knew that his earnings subjected him to tax liability under the Internal Revenue Code and deliberately executed these W–4Es to avoid withholding, the willfulness requirement of the statute was satisfied. *United States v. Bishop, supra,* 412 U.S. at 361, 93 S.Ct. 2008; United States v. Malinowski, *472 F.2d 850, 855 (3d Cir. 1973), certiorari denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693.*

■ With regard to the trial, defendant next urges that the district court wrongfully excluded evidence of his pacifist views. However, the statute does not exempt pacifists from the withholding tax requirements. See *United States v. Malinowski, supra,* 472 F.2d at 855–856. Because, as a matter of law, the defendant's belief in the unconstitutionality of the tax laws has no bearing on the determination of liability within the meaning of Section 3402, the district court properly excluded the proposed testimony as irrelevant.

Defendant insists that the voir dire was improperly conducted because the trial judge refused to pose defendant's question 22 as to whether the jury might be prejudiced by defendant's pacifist views. Since the gist of this question was contained in the immediately previous question given to the jurors, it was unnecessary to put defendant's proposed question 22.

Defendant also complains the district judge should have sent a copy of his instructions to the jury room. There is no such requirement. *United States v. Conley,* 503 F.2d 520, 522 (8th Cir. 1974). There has been no showing why Judge Morgan abused his discretion in not sending copies of the instructions to the jurors.

Although defendant contends that his conviction was in violation of the First Amendment, it is well settled that a taxpayer cannot escape criminal liability of this nature by resort to the First Amendment. *United States v. Malinowski, supra,* 472 F.2d at 858–859.

Finally, defendant asserts that the district court committed reversible error in giving and refusing certain instructions. We have carefully examined the attacks on the instructions and conclude that they are without merit.

The Judgment is affirmed.