UNITED STATES of America

v.

John SHIMEK.

Crim. No. 77–120.

United States District Court, M. D. Pennsylvania.

Feb. 12, 1978.

On Further Pretrial Motions Feb. 16, 1978.

John Shimek, pro se.

Paul J. Killion, Asst. U. S. Atty., Harrisburg, Pa., for plaintiff.

## MEMORANDUM

HERMAN, District Judge.

John C. Shimek, Defendant in the above-captioned case, is charged with three counts of wilfully and knowingly supplying false and fraudulent information to the Internal Revenue Service in violation of 26 U.S.C. § 7205 pertaining to fraudulent withholding exemption certificates or failure to supply information.[1]

Defendant has filed numerous pretrial motions including a "claim for assistance of counsel of choice", a "claim for assurance of competent judge", a motion for a continuance, a "claim for assurance of fair trial", a motion for change of venue, a motion challenging jurisdiction, a motion to dismiss the indictment, and a "preliminary counter complaint". Action on these motions is necessarily delayed by Defendant's failure to file briefs in support of his motions. However, there are several motions which we will deal with immediately.

■ The "Preliminary Counter Complaint" of the Defendant, which in its substantive averments is a civil action for damages against certain government personnel and other individuals, has no place in a criminal action in which he is the Defendant. Therefore the "Preliminary Counter-Complaint" will be dismissed.

■ Defendant has filed what he refers to as a "Claim for Assurance of a Competent Judge". This document is a questionnaire consisting of some eighteen questions for the Court to answer on the subject of constitutional law. This "Claim" or motion is denied. Any question as to the correctness of our rulings on constitutional questions can be raised on appeal by the Defendant should he be convicted at trial.

Defendant has also entered what he refers to as a "Claim for Assistance of counsel of Choice". The motion provides in part:

"In the above-entitled action, the Defendant, John C. Shimek, claims his right to have counsel of his choice and hereby appoints Andrew Malechinsky of Enfield, Connecticut, an attorney who is not a member of the Bar or otherwise licensed to practice law, to represent him."

■ Defendant has a constitutional right to self-representation. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). It was held in *Faretta* that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so, and such right of self-representation is supported by the Sixth Amendment, made applicable to the states by the Fourteenth Amendment. As this is a federal criminal prosecution the right under the Sixth Amendment applies directly.

■ There is no constitutional right to have someone not admitted to the practice of law before any bar to represent a criminal defendant in Court. *United States of America v. Wilhelm*, 570 F.2d 461, 1978, 3rd Cir. (per Van Dusen, J.). Such a person could aid a defendant in the preparation of his case, but he will not be permitted to practice before this Court unless he meets the qualifications listed in the Local Rules of the United States District Court for the Middle District of Pennsylvania. The rules as they pertain to admission of attorneys provide in pertinent part:

"Rule 201.01 Persons Entitled to Admission as Attorneys—Oath.

Any person of good moral and professional character maintaining an office in the Commonwealth of Pennsylvania for the regular practice of law shall be entitled to admission as an attorney of this court, if such person shall have been previously admitted to practice in the Supreme Court of the United States, the Court of Appeals of the Third Circuit or

---

1. There is apparently a misprint in the statutory citation in Count III of the Indictment as it refers to 26 U.S.C. § 7305.

the Supreme Court of Pennsylvania and is currently in good standing therein. He shall subscribe to the roll and take the following oath: 'I do swear (or affirm) that I will demean myself as an attorney and counselor of this court uprightly and according to law, and that I will support the Constitution of the United States.' Rule 201.02 Admission of Attorneys for Purposes of a Particular Case.

Attorneys and counselors admitted to practice before other courts, who do not possess the full qualifications required by the foregoing rule, may be admitted specially for the purpose of a particular case."

■ From the facts alleged in Defendant's "Claim for Assistance of Counsel of Choice", his "counsel", Mr. Malechinsky, is not a member of a bar or otherwise licensed to practice law and therefore fails to qualify for admission under the Local Rules, and will not be permitted to practice before this Court.

We strongly urge Defendant to secure counsel who has been properly admitted to the bar to represent him in this criminal prosecution. The Defendant, should he be convicted of all the counts in the indictment, faces a possible fine of $500 and one year in jail on each of the three counts.

1. Section 7205 provides:

"Any individual required to supply information to his employer under section 3402 who wilfully supplies false or fraudulent information, or who wilfully fails to supply information thereunder which would require an increase in the tax to be withheld under section 3402, shall, in lieu of any other penalty provided by law (except the penalty provided by section 6682), upon conviction thereof be fined not more than $500, or imprisoned not more than 1 year, or both."

The statute cited in the information makes criminal a refusal to comply with 26 U.S.C. § 3402. 26 U.S.C. § 3402(f)(2)(A) provides:

"On or before the date of the commencement of employment with an employer, the employee shall furnish the employer with a signed withholding exemption certificate relating to the number of withholding exemptions which he claims, which shall in no event exceed the number to which he is entitled."

In turn, 26 U.S.C. § 3402(n) provides in pertinent part:

If Defendant feels he is entitled to appointment of counsel as an indigent he should make prompt application, although a financial affidavit previously filed on October 28, 1977, indicates that Defendant is ineligible for appointed counsel unless Defendant's financial situation has altered substantially since that time.

All briefs on the remaining outstanding motions must be submitted within seven (7) days of the date of the Order accompanying this memorandum.

An appropriate order will be entered.

## ON FURTHER PRETRIAL MOTIONS

John C. Shimek, Defendant in the above-captioned criminal case, is charged with three counts of wilfully and knowingly supplying false and fraudulent information to the Internal Revenue Service in violation of 26 U.S.C. § 7205.[1] As we stated in our memorandum filed February 2, 1978, Defendant has filed numerous pre-trial motions. By our order of February 2, 1978, we denied Defendant's "Claim For Assurance of Competent Judge" and his "Claim For Assistance of Counsel of Choice", and dismissed his "Preliminary Counter Complaint".[2] Still pending are Defendant's mo-

"Notwithstanding any other provision of this section, an employer shall not be required to deduct and withhold any tax under this chapter upon a payment of wages to an employee if there is in effect with respect to such payment a withholding exemption certificate (in such form and containing such other information as the Secretary or his delegate may prescribe) furnished to the employer by the employee certifying that the employee—

(1) incurred no liability for income tax imposed under subtitle A for his preceding taxable year, and (2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year.

The Secretary [or his delegate] shall by regulations provide for the coordination of the provisions of this subsection with the provisions of subsection (f)."

2. The "Claim For Assurance of Competent Judge" was a questionnaire consisting of some eighteen questions for the Court to answer on the subject of Constitutional law, and the "Claim For Assistance of Counsel of Choice"

tion to dismiss the indictment, motion for a bill of particulars, motion for a continuance, "Claim For Assurance of Fair Trial", motion for change of venue, motion challenging jurisdiction, claim for access to transcripts and "Affidavit For Disqualification of District Judge For Prejudice". These remaining motions will be dealt with seriatim.[3]

### Motion to Dismiss the Indictment and Motion for Bill of Particulars

Defendant has moved pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure to dismiss the indictment on the grounds that 26 U.S.C. § 3402, under which Defendant was required to supply information to his employer, violates his Constitutional rights under Articles IV and VI and Amendments One, Four, Five, Six, Eight, Nine and Ten of the United States Constitution. As Defendant has not briefed these questions and we could only guess as to what his arguments are concerning these provisions of the Constitution, we can answer these assertions only in a general way.

 Federal income tax withholding does not result in a taking of property without due process and is a legitimate exercise of Congress' power to make all laws necessary and proper for the taxing of income pursuant to the Sixteenth Amendment to the United States Constitution. See, e. g., *Jacobson v. Organized Crime and Racketeering Section of United States Department of Justice*, 544 F.2d 637 (2d Cir. 1976); *Jacobs v. Gromatsky*, 494 F.2d 513 (5th Cir. 1974), *cert. denied*, 419 U.S. 868, 95

S.Ct. 126, 42 L.Ed.2d 107. *United States v. Smith*, 484 F.2d 8 (10th Cir. 1973), *cert. denied*, 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874. *United States v. Roberts*, 425 F.Supp. 1281 (D.Del.1977). Requirements that income be reported are valid under the Fifth Amendment's right against self-incrimination. See, *Kasey v. C. I. R.*, 457 F.2d 369 (9th Cir. 1972).

Should Defendant raise his Constitutional defenses more specifically at trial we will give them due consideration.

Related to Defendant's motion to dismiss the indictment is his request for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure. The first portion of Defendant's request for particulars states:

"In the above entitled action, the Defendant, John C. Shimek, under Special Appearance, moves that the Court direct the Prosecution to furnish a Bill of Particulars describing which specific action(s) of the Defendant violated the United States Constitution or United States laws in pursuance thereof, and specifying which portions of such laws are alleged to have been violated."

 The Indictment and Information clearly states that for the years 1975, 1976, and 1977, John C. Shimek, the Defendant in this case was required under 26 U.S.C. § 3402 to supply information to his employer for Internal Revenue Service Form W–4E, Exemption from Withholding, and that in violation of 26 U.S.C. § 7205 he wilfully and knowingly supplied false and fraudulent information.[4] In Count I it is alleged

---

was Defendant's request to be represented at trial by a person not admitted to any recognized bar. The "Preliminary Counter Complaint" was an attempt to sue various persons for money damages in this criminal case.

3. Defendant failed to file briefs in support of any of his motions, and under Rule 301.01 of the Local Rules For the United States District Court for the Middle District of Pennsylvania, we believe we could consider the motions withdrawn. Because Defendant is proceeding without counsel learned in the law, we shall consider the motions on their merits, hampered as we are by lack of supporting memoranda.

4. As we noted in our memorandum filed February 2, 1978, there is apparently a misprint in the statutory citation in Count III as it refers to 26 U.S.C. § 7305, and there is no such section in Title 26. At a hearing held in open court on February 13, 1978, Count III of the Indictment was withdrawn and the attorney for the Government, Assistant United States Attorney Paul J. Killion, entered an Information against Defendant based on an alleged violation of 26 U.S.C. § 7205 with respect to allegedly supplying false and fraudulent information on Internal Revenue Service Form W–4E by stating that he incurred no liability for federal income tax for

that Defendant did wilfully and knowingly supply false and fraudulent information in stating under penalties of perjury on Internal Revenue Service Form W–4E, Exemption From Withholding, that he incurred no liability for federal income tax for the calendar year 1974 and that he anticipated that he would incur no liability for federal income tax for 1975, whereas he then well knew that he had incurred tax liability for the calendar year 1974 and then well anticipated that he would incur liability for federal income tax for 1975. Similar allegations are made in Count II and the Information. These allegations sufficiently inform Defendant of the United States laws which he is alleged to have violated.[5] *United States v. Quilty*, 541 F.2d 172 (7th Cir. 1976); *United States v. Malinowski*, 347 F.Supp. 347 (E.D.Pa.1972). An employee who does not file a withholding exemption certificate as to number of withholding exemptions claimed, a Form W–4, is required to file a treasury form certifying that he incurred no liability for federal income tax for the preceding tax year and anticipates that he will incur no liability for the current year, this form being known as Form W–4E.[6] *United States v. Bucharme*, 505 F.2d 691, 692 (9th Cir. 1974).

As stated in the Defendant's motion for a bill of particulars, "The Defendant further moves that the Prosecution be required to show how said specific action(s) violate the Constitution of the United States in such a manner as to render Amendment Articles IV, V, VI, IX, and XIV invalid". We find such a request unintelligible and therefore it will be denied.

*Motions for Continuance, Change of Venue and "Claim For Assurance of Fair Trial"*

Defendant has filed a motion for a continuance, motion for change of venue and a "Claim For Assurance of Fair Trial".

Defendant raises five points in support of his motion for a continuance. First, he claims that a continuance should be granted because Defendant moved to another state to take a new job around the same time as this action was brought against him and this has left little time for preparation for this case. Second, Defendant asserts that due to the novelty of this case, more time is needed for research into previous similar cases. Third, Defendant asserts that more time will be needed for pre-trial discovery. Fourth, Defendant asserts that he anticipates prejudicial pretrial publicity in relation to the upcoming April 15, 1978, deadline for filing of tax returns. Fifth, Defendant asserts that hearings may be necessary for these and other motions and claims before the trial may begin.

Docket entries indicate that Defendant was aware at the time of his not guilty plea, some three months ago on October 28, 1977, of his impending move to New Hampshire. Furthermore, we do not believe that this case is so complex that extra time would be needed to prepare. The allegations in the indictment are rather straightforward and the case does not appear to be one which will present particularly complex issues or that will require an inordinate amount of trial preparation. As for time needed for discovery, we are unaware of any outstanding discovery requests. We believe the Government is well aware of its duty to provide all materials required by Rule 16(a) of the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, and all exculpatory material required to be turned over to a defendant pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Defendant has pointed to no duty with which the Government has failed to comply in this regard.

---

1976 and that he anticipated he would incur no liability for federal income tax for 1977, whereas he then well knew that he had incurred a tax liability for the calendar year 1976 and then well anticipated that he would incur liability for federal income tax for 1977. A plea of not guilty was entered for the Defendant upon his refusal to plead.

**5.** See Note One, *supra*, for the statutory text.

**6.** 26 U.S.C. § 3402(f)(5) empowers the Secretary or his delegate to provide for the form and content of withholding exemption certificates.

If Defendant seeks specific items of material evidence not yet released, he is free to request them from the Government and, if necessary, move the Court to compel disclosure. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

As for prejudicial publicity, we believe the voir dire will provide adequate assurance of a fair trial for the Defendant. Finally, Defendant vaguely asserts the need for certain hearings which may delay commencement of the trial. We are not aware of any and find this point unpersuasive.

■■■ It is within the sound discretion of the trial judge whether or not to grant a continuance. *United States v. Hamilton*, 457 F.2d 95 (3rd Cir. 1972). *United States v. Irwin*, 561 F.2d 198 (10th Cir. 1977).

At a hearing held in open court on February 13, 1978, we continued the date of the trial in this matter from February 14, 1978 until February 21, 1978. At that hearing the Government indicated that it would supply Defendant with a list of trial witnesses, examination of exhibits and other discovery. We strongly urged Defendant to take this opportunity to hire counsel who is properly admitted to the bar. We believe this extra week should give Defendant ample time to further prepare his case.

Defendant has filed a "Motion for Change of Location of Trial" which we construe as a motion for change of venue under Rule 21 of the Federal Rules of Criminal Procedure. The reasons advanced for the change of venue are as follows:

"1. Public Servants involved in this case in the current location have already shown contempt for the Law and have repeatedly acted criminally, depriving the Defendant of civil and Constitutional rights. (See, "Defendant's Motion for Dismissal and Preliminary Counter-Complaint".) There is no reason to expect that they will have reformed before the date of the trial.

2. Defendant has filed, concurrently with this motion, a "Motion for Dismissal and Preliminary Counter Complaint" naming several of the public servants involved in this case as Defendants. These Defendants are now biased by this counter action and are therefore not qualified to proceed against Shimek.

3. Defendant has moved to the town of Peterborough, New Hampshire, having made plans to do so two months previous to the bringing of this illegal, unwarranted and disruptive false action against him. Travel to and from Harrisburg for hearings and trial would constitute an extreme and unnecessary hardship in time (10 hours one-way by car) and money, and potentially jeopardize his new job."

■■■ The first two paragraphs are apparently an allegation of prejudice as a basis for change of venue pursuant to Rule 21(a) of the Federal Rules of Criminal Procedure. As stated in Wright, Federal Practice and Procedure, § 342, Rule 21(a) of the Federal Rules of Criminal Procedure provides "that if the Court is satisfied on motion of a defendant that there exists in the district where the prosecution is pending so great a prejudice against the defendant that he cannot obtain a fair and impartial trial . . . [in the district]", it shall transfer the proceeding against him to another district. The prejudice referred to in the rule is that which would foreclose a fair and impartial trial before a court and jury, and the personal attitude of the prosecution toward the Defendant has no bearing on the issue, *United States v. Pilnick*, 267 F.Supp. 791, 799 (S.D.N.Y.1967), as one of the purposes of a trial with a judge and jury is to provide protections for the Defendant against prosecutorial zeal. The "counter-action" referred to in part two was an attempt by the Defendant in this criminal case to sue several government employees and other individuals for money damages. As we explained in our memorandum filed February 2, 1978, such counterclaim has no place in a criminal action and we dismissed it. We fail to see what prejudice could arise from an improperly filed and dismissed "counterclaim" against the two assistant United States Attorneys, the grand jurors, two Internal Revenue Agents, and the United States Magistrate involved in this case.

The third ground raised by Defendant Shimek for a change of venue can be construed as a motion for change of venue pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. The rule provides in pertinent part:

"Rule 21

. . . . .

(b) *Transfer in Other Cases.* For the convenience of parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to him or any one or more of the counts thereof to another district."

■■■ Basically, this section of the rule looks to providing a convenient place for trial, and such a change of venue is discretionary with the trial judge. *United States v. Green,* 373 F.Supp. 149 (E.D.Pa.1974). The United States Supreme Court in *Platt v. Minnesota Mining & Mfg. Co.,* 376 U.S. 240, 243–244, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), set out ten factors to be considered in ordering such a transfer. Wright, Federal Practice and Procedure, § 344. Among the factors to be considered are residency of the defendant, location of possible witnesses, location of events likely to be in issue, location of documents and records likely to be involved, disruption of defendant's business, expense to the parties, location of counsel, relative accessibility of place of trial, docket conditions of each district, and any other special elements which might affect transfer.

■■■ We note from the indictment that the alleged offense occurred in this District while Defendant was a resident herein. The Defendant is charged with wilfully and knowingly supplying false and fraudulent information on Internal Revenue Service Form W–4E to his employer, Anaconda Company, Continental Wire and Cable Division, of York, Pennsylvania. We have been advised that witnesses and evidence of the alleged offense are within this District. The location of events likely to be in issue also is within this District. Weighing these factors with those raised by Defendant we feel in our discretion that the trial should be held in this District.

For the reasons set forth in our discussion of the request for a continuance, and because we feel voir dire will protect the Defendant's right to a fair trial, Defendant's request entitled "Claim For Assurance of Fair Trial" which seeks to postpone the trial until after April 15, 1978, is also denied.

*Claim For Access to Transcript*

Defendant has made a "Claim For Access to Transcript" which reads in pertinent part:

"In the above entitled action, the Defendant John Shimek, under Special Appearance, claims his right to access to transcripts of all proceedings, without cost to the Defendant.

The Defendant is guaranteed such cost free access by Article First, Section 12 of the (1818 legal) Constitution of Connecticut, which states:

'every person . . . shall have remedy . . . without sale, . . .',

and Connecticut General Statute § 1–19, which provides:

'all records . . . shall be public records and every resident of the state shall have the right to copy such records . . .',

as backed up by U.S. Constitution, Art. IV, Sec. 2, which assures:

'The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.'

The Defendant must have copies of all transcripts in order to acquaint higher Courts (and his fellow citizens) with the many ways in which his natural and constitutional rights have been, and are being, violated."

■■■ Defendant must point to specific transcripts for the Court to make a proper determination on this request. To the extent that Defendant asserts that transcripts should be provided free of charge, this request must be denied at this time on the basis of the financial affidavit filed by the Defendant on October 28, 1977, indicating

that Defendant has substantial monthly income. Defendant may renew his request for transcripts free of charge after making the requisite financial showing of need, indicating what transcripts he desires, and after proving his right to the specific transcripts in question.

*Special Appearance (contesting jurisdiction)*

 · Throughout his motions Defendant refers to the making of a "special appearance" and has filed a document labeled "Special Appearance". He does this to "claim his rights without acknowledging or submitting to the jurisdiction of the Court until such jurisdiction is Constitutionally justified . . .." By this "special appearance" it appears that Defendant is contesting territorial jurisdiction of the Court. The usual manner of contesting the territorial jurisdiction of the Court to try a crime under the Sixth Amendment is on a plea of "not guilty". Such a plea puts in issue the whole case and places a burden on the prosecution to prove the jurisdictional allegations with the same certainty as any other allegations. Merten's Law of Federal Income Taxation, § 55A.20, "Contest of Jurisdiction".

*Motion for Recusal*

Defendant has filed an "Affidavit for Disqualification of District Judge For Prejudice", otherwise known as motion for recusal, pursuant to 28 U.S.C. § 144. The statute provides that a trial judge against whom a timely and sufficient affidavit is filed in good faith by a party demonstrating bias or prejudice against him or in favor of his adversary shall not hear the proceeding. Disregarding the fact that Defendant's request may not have been timely, the bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case. *United States v. Irwin*, 561 F.2d 198 (10th Cir. 1977).

The affidavit filed by Defendant in support of recusal addresses itself to our previous denial of his request to be represented at trial by a person not admitted to any bar. Such a denial was passed upon by the recent Third Circuit opinion in *United States of America v. Wilhelm*, 570 F.2d 461, 1978, 3rd Cir., (per Van Dusen, J.). Defendant has failed to set forth adequate reasons for recusal and the motion is denied.

As previously noted, we recognize Defendant's right to have the Government prove jurisdiction as a part of the case against Defendant. For the reasons which appear in this memorandum all of Defendant's pretrial motions will be denied.

This memorandum is in support of our order of February 13, 1978, denying Defendant's pretrial motions.