**UNITED STATES of America**

v.

**Eventius T. BURTON.**

**Crim. A. No. B-83-13-CR.**

United States District Court, E.D. Texas, Beaumont Division.

Oct. 11, 1983.

---

J. Michael Bradford, E.D. Tex., Beaumont, Tex., for the U.S.

David Flynn, Beaumont, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. PARKER, District Judge.

Eventius T. Burton was indicted on and convicted of two counts of willfully and knowingly failing to make an income tax return[1] and four counts of willfully submitting a false and fraudulent employee withholding allowance certificate.[2] This Court now raises, sua sponte, the issue of whether the defendant is entitled to a new trial on grounds of ineffective assistance of counsel.

## I. FACTUAL BACKGROUND[3]

Prior to the trial itself, the United States Government filed a Petition to Compel Handwriting Exemplars. United States District Judge Joe J. Fisher signed an order on August 18, 1983, requiring the defendant to furnish handwriting and printing exemplars. The defendant's attorney, David Flynn of Beaumont, responded by

---

1. 26 U.S.C. § 7203.

2. 26 U.S.C. § 7205.

3. Only those facts that are relevant to the issue presented in this opinion are discussed.

motion, stating that the order was not issued pursuant to a hearing and therefore had no effect and validity. The defendant did not comply with the order and on August 24, 1983, a hearing was held before this Court. The Court held the defendant in contempt of court and fined him $1,000.00.

Typifying his incompetence, defendant's attorney filed numerous, inane motions prior to trial, including a motion to dismiss for lack of jurisdiction. In that motion, counselor stated: "[T]he acts pleaded in the indictment have not been made criminal by Title 18 U.S.Code. All crimes against the United States are contained in Title 18." In a brief supporting that motion, defense attorney further argued that in effectuating the taxation scheme of the 16th amendment, Congress only has "the power to lay and collect taxes and [the amendment] does not extend to Congress the power to provide punishment for failure of an individual to abide by the laws passed within the 16th amendment."

At trial, defense counsel advanced unorthodox positions. For example, he argued to the Court that in a criminal case, the jury was not bound by the law as given by the Court, rather it was the jury's responsibility to interpret the law and the Constitution. Further, defense counsel called as a witness Larry Blount, an attorney and a professor of law, to testify to his interpretation of the tax laws: that wages are not income and that a good-faith belief that wages are not income is a sufficient legal defense to the charges in the indictment. The Court ruled this line of testimony inadmissible, but allowed counsel to make an offer of proof for appeal.

Counselor continued his constitutional attacks on the 16th amendment by asserting that the withholding tax itself was invalid because it is "not income under the sixteenth amendment and since it is a direct tax, and because there is no war." The Court construes counselor's somewhat unintelligible position as an attack on the

constitutionality of the withholding provision.

On September 1, 1983, the jury returned a guilty verdict on all six counts. At the sentencing hearing, held on September 21, 1983, this Court questioned the defendant and he answered stating that he had hired his attorney, that he knew his counsel's position on various legal theories, and that counsel had conducted the defense in accordance with defendant's wishes.

Because of the frivolous motions and theories of defense counsel, this Court must decide, sua sponte, whether to grant a new trial based on the ineffectiveness of counsel. Having carefully considered the pretrial motions, trial performance and posttrial motions presented in this case, the Court has concluded that defendant was not afforded competent and effective counsel, but the lack of effective counsel did not result in any degree of prejudice to the defendant; therefore, a new trial is denied.

## II. INEFFECTIVENESS OF COUNSEL

 The sixth amendment guarantees to criminal defendants the right to assistance of counsel. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A vital corollary to this fundamental right is the requirement of effective assistance of counsel, that is, counsel reasonably likely to render and rendering reasonably effective assistance given the totality of the circumstance. *Washington v. Strickland*, 693 F.2d 1243, 1250 (5th Cir. 1982) (en banc), *cert. granted*, —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983). *See, e.g., Herring v. Estelle*, 491 F.2d 125, 127 (5th Cir.1974); *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir.1960), *adhered to en banc*, 289 F.2d 928 (5th Cir.), *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). Until recently, in this circuit the standards for retained and appointed counsel differed. *E.g. Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir.) (en banc), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 2636, 45 L.Ed.2d 675 (1975).[4] However, in

---

**4.** In the past, a finding of inadequate retained counsel would be made only if there was a

showing 1) that retained counsel performed so poorly as to render proceedings fundamentally

light of the Supreme Court's mandate in *Cuyler v. Sullivan,* 446 U.S. 335, 343–44, 100 S.Ct. 1708, 1715–16, 64 L.Ed.2d 333 (1980), the standards for counsel have now merged into the "render and rendering reasonably effective assistance" standard. *Hardin v. Wainwright,* 678 F.2d 589, 592 (5th Cir.1982).

The right to effective assistance of counsel is so vital to a fair trial that this Court felt compelled to examine, sua sponte, every potential infringement of that right with the most exacting scrutiny.

■ The foundation for such constitutionally acceptable representation is a familiarity with the facts and law of the defendant's case. As stated in *Caraway v. Beto,* 421 F.2d 636, 637 (5th Cir.1970):

"... an attorney cannot render reasonably effective assistance unless he has *acquainted himself with the law* and facts of the case. Our adversary system is designed to serve the ends of justice; it cannot do that unless accused's counsel presents an intelligent and knowledgeable defense. Such a defense requires investigation and preparation." (emphasis added).

It is clear to this Court that Burton's trial counsel had not acquainted himself with the law as it existed at the time of trial. This Court is convinced that the defendant's counsel either permitted or caused his client to be found in contempt of court and fined $1,000.00 for refusing to sign a handwriting exemplar.

Further, this Court finds that Burton's attorney attempted to present defenses which do not constitute legal defenses. Defendant's attorney took the baseless position that in a criminal case the jury was not bound to follow the law as given to them by the Court, but that it was the jury's responsibility to interpret the meaning of both the law and the Constitution in complete contradiction to Federal Rules of Criminal Procedure.[5] Thus, without reviewing any case law, the defendant's attorney could have determined that it is the judge's duty to instruct the jury as to the law applicable in each case.

This Court also finds that the defendant's counsel advanced pre-trial and post-trial motions which were contrary to well-established case law.[6] In numerous motions, counsel asserted that the 16th amendment and the withholding provisions were unconstitutional on their face. Courts have repeatedly held that both the 16th amendment and the withholding provision are constitutional and that arguments to the contrary are frivolous. *United States v. Campbell,* 619 F.2d 765, 767 (8th Cir.1980).

Equally frivolous are counsel's contentions that the Constitution does not authorize Congress to enact criminal penalties on taxation matters. *United States v. Evans,* 574 F.2d 1287 (5th Cir.), *cert. denied,* 440 U.S. 910, 99 S.Ct. 1220, 59 L.Ed.2d 458 (1979).

Continuing the pattern of filing meritless motions, counsel filed motions stating that Congress lacks authority to require filing of returns reporting taxable income. Congress unquestionably has the authority under its general power to levy taxes. *United States v. Acker,* 415 F.2d 328 (6th Cir.), *cert. denied,* 396 U.S. 1003, 90 S.Ct. 553, 24 L.Ed.2d 495 (1969).

Completing his list of motions, counsel asserted that the acts pleaded in the indictment have not been made criminal by Title 18 and that all crimes against the United

---

unfair or 2) that retained counsel's conduct fell short of reasonably effective assistance and some responsible government official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to accused. *Clark v. United States,* 606 F.2d 550, 551 (5th Cir.1979); *United States v. Guerra,* 628 F.2d 410 (5th Cir.1980), *cert. denied,* 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981).

**5.** Fed.R.Crim.P. 30. Rule 30 provides in pertinent part: "... any party may file written requests that the court instruct the jury on the law as set forth in the requests."

**6.** This Court has sought to faithfully synthesize the legal arguments from the numerous, overlapping and poorly structured contentions made in defendant's motions.

**1324**

States are contained in Title 18. Yet, defendant's counsel points to no authority supporting this novel legal theory. To the contrary, as the government attorneys pointed out, criminal violations are found throughout the United States Code, as well as in other statutes and rules. Title 18 U.S.C. § 3231 provides original jurisdiction for "all" offenses and does not limit jurisdiction to Title 18 offenses.

 Compounding the inadequacies of defense counsel's motions was the defense theory he presented at trial: that wages are not income and a good-faith belief that wages are not income is a legal defense. Normally, if a taxpayer relies in good faith on a prior decision of a court or on a legal position which concerns a complex tax statute subject to disagreement regarding its interpretation, the taxpayer will not be penalized. *United States v. Bishop*, 412 U.S. 346, 360–61, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1972).[7] The good faith mistake of law defense is extremely limited and the mistake must be objectively reasonable. *United States v. Kelley*, 539 F.2d 1199, 1204 (9th Cir.), *cert. denied*, 429 U.S. 963, 97 S.Ct. 393, 50 L.Ed.2d 332 (1976); *United States v. Quilty*, 541 F.2d 172 (7th Cir. 1976). Courts will not recognize the defense of good faith mistake when an issue has been frequently litigated. *Lonsdale v. C.I.R.*, 661 F.2d 71 (5th Cir.1981); *United States v. Quilty*, 541 F.2d at 175. In the past, taxpayers have asserted the good faith mistake of law defense to support the proposition that Federal Reserve Notes are worthless, and, therefore, income received in that form does not have to be reported. Taxpayers have also raised the good-faith defense to support their assertion that the 16th amendment is unconstitutional. For a number of years now courts have consistently rejected those views. *United States v. Moore*, 627 F.2d 830, *cert. denied*, 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (7th Cir.1980); *United States v. Daly*, 481 F.2d 28 (8th Cir.), *cert. denied*, 414 U.S.

1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *United States v. Porth*, 426 F.2d 519 (10th Cir.), *cert. denied*, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1973). Consequently, it is now impossible for a taxpayer to reasonably believe that Federal Reserve Notes are worthless, and that the 16th amendment is unconstitutional, and, therefore, his good-faith belief defense is not an adequate legal defense. *United States v. Moore*, 627 F.2d at 833.

 This Court now employs the same reasoning in examining the "legal" theory asserted by defendant's counsel: that wages are not income. As early as 1916, court decisions clearly stated Congress' intent to tax income from whatever source derived. *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 18, 36 S.Ct. 236, 241, 60 L.Ed.2d 493 (1916). Since that time, Courts have consistently upheld the point that income received in exchange for labor or services, *including wages*, is income within the meaning of the 16th amendment. *United States v. Francisco*, 614 F.2d 617 (8th Cir.), *cert. denied*, 446 U.S. 992, 100 S.Ct. 1861, 64 L.Ed.2d 278 (1980); *Lonsdale v. C.I.R.*, 661 F.2d at 72; *see Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 477, 99 L.Ed.2d 483 (1955). Furthermore, the Constitution grants Congress power to tax "incomes, from whatever source derived...." U.S. Const. amend. XVI. Because there is no question that wages are income, defendant Burton was not able to raise, as a legal defense, his good faith belief that wages are not income.

Because this Court finds that defendant's counsel utilized no strategy whatsoever in presenting his defense, it is unnecessary to determine whether the defendant's attorney thoroughly investigated the defense strategy employed or whether other lines of strategy were available but overlooked or ignored. This Court further finds that defendant's attorney was not competent to evaluate the legal and factual

---

7. That case stated that: "The Court's consistent interpretation of the word 'willfully' to require an element of mens rea implements the pervasive intent of Congress to construct penalties that separate the purposeful tax violator from the well-meaning, but easily confused mass of taxpayers."

realities of the case. As a consequence, the defendant, Burton, was ineffectively represented.

## III. LACK OF PREJUDICE

In determining that defendant's counsel was ineffective, this Court need not, ipso facto, grant a new trial. First, this Court must determine whether counsel's failings "worked to defendant's actual and substantial disadvantage." *Washington v. Strickland,* 693 F.2d at 1258 (quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816, 831 (1982)). This Court concludes that there was neither prejudice nor detriment to the defendant. In reaching that conclusion, this Court finds that even if defendant had retained able and competent counsel, he would have directed and urged that attorney to proceed in the same ill-taken direction. Alternatively, this Court finds that had able counsel persuaded the defendant to present a different defense, the verdict would have remained the same because the Government produced overwhelming evidence of guilt for each of the six counts. Therefore, the defendant suffered no prejudice as a result of the ineffectiveness of counsel.

It is, therefore, ORDERED, ADJUDGED and DECREED that the defendant, Burton, be denied a new trial.