904 F.2d 46
 15 U.S.P.Q.2d 1830
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
FMC CORPORATION, Plaintiff-Appellant,
v.
H & K MACHINE, INC., Defendant-Appellee.
 No. 89-1683.
 United States Court of Appeals, Federal Circuit.
 May 18, 1990.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and ARTHUR L. ALARCON, Circuit Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 The order of the United States District Court for the Eastern District of Wisconsin denying FMC Corporation's motions for judgment notwithstanding the verdict and for a new trial, 718 F.Supp. 1403 (1989), is affirmed.
 
 OPINION
 
 2
 The district court did not abuse its discretion in refusing to grant a new trial either because of the manner in which it instructed the jury or because the jury's verdict of non-infringement was contrary to the clear weight of the evidence. No federal court of appeals requires that district courts submit written instructions to the jury; whether a district judge chooses to do so in a particular case is a matter committed to his or her discretion. See, e.g., United States v. Quilty, 541 F.2d 172, 177 (7th Cir.1976); United States v. Conley, 503 F.2d 520, 522 (8th Cir.1974); Oertle v. United States, 370 F.2d 719, 729 & n. 16 (10th Cir.1966); McDaniel v. United States, 343 F.2d 785, 789 (5th Cir.1965). No doubt, written instructions are helpful, especially in complicated cases. But FMC has not persuaded us that Judge Gordon abused his discretion in this case by orally instructing the jury and agreeing later to submit written instructions to it only if the parties stipulated to a correct version.
 
 
 3
 This was not a complicated case. Infringement and damages were the only issues, both the technology and claim language involved were straightforward, and the trial lasted only one week. The parties agree that the oral instructions were legally correct and the jury did not ask the judge to repeat or clarify any of the instructions, despite being offered the opportunity to do so. Nor did the jury ask for written instructions. In short, all indications are that the jury heard and understood the instructions. It appears that FMC's primary reason for thinking otherwise is the unfavorable outcome. To the extent the charge was unduly long or complicated, FMC has largely itself to blame--it propounded 51 of the 59 instructions given.
 
 
 4
 Nor did the routine stipulation procedure, imposed by the court as a prerequisite to submitting a written copy of the instructions to the jury, constitute a delegation of the court's discretion solely to H & K. A court reporter's transcript of proceedings is only prima facie accurate, 28 U.S.C. Sec. 753(b) (1982); the stipulation requirement is a reasonable means of ensuring that the parties deem the transcript conclusively correct. One party's failure to stipulate does not render the court's use of the procedure an abuse of discretion.
 
 
 5
 As for the jury's verdict of noninfringement, we agree with the district court that it is neither contrary to the clear weight of the evidence, thus warranting a new trial, nor unsupported by substantial evidence, thus necessitating the entry of JNOV. The accused H & K machine must possess all four of the disputed claim elements (or their substantial equivalents) to infringe FMC's patent. As the court below cogently outlined in its opinion, and as even a cursory review of the record reveals, there is conflicting evidence as to three of the elements and the jury reasonably could have disbelieved the only testimony given on the fourth. FMC glosses over these conflicts by focusing only on helpful evidence and ignoring, for example, conflicts between its own expert's deposition and trial testimony. We presume the jury resolved these conflicts in the manner necessary to support its verdict of noninfringement. See McGill, Inc. v. John Zink Co., 736 F.2d 666, 672 (Fed.Cir.1984).
 
 
 
 *
 Judge Arthur L. Alarcon of the United States Court of Appeals for the Ninth Circuit, sitting by designation