**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Tarciso Antonio De ALBA–CONRADO,
Defendant-Appellant.**

**No. 72–3504.**

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 1973.

George Weires, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Charles O. Farrar, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, THORNBERRY and SIMPSON, Circuit Judges.

GEWIN, Circuit Judge:

■ The appellant, a citizen of Columbia, was indicted for the importation and possession with the intent to distribute three pounds of cocaine in violation of 21 U.S.C. §§ 952(a) and 841(a). The jury returned a verdict of guilty on both counts. Accordingly, the court imposed a sentence of two years imprisonment to be followed by a three year special parole term on each count, the sentences to run concurrently. Appellant presents two issues for our review: (1) a constitutional attack on the method used in preparing the venire from which the jury was chosen which tried him and, (2) a challenge to the sufficiency of the evidence. Because we feel the second issue is without merit,[1] our re-

---

1. Appellant's contention that there was insufficient evidence presented on the element of "intent" to submit the issue of guilt to the jury is completely without merit. Viewing the evidence in the light most favorable to the Government, we believe the jury's verdict is supported by substantial evidence, including reasonable inferences drawn therefrom. See, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Peters v. United States, 376 F.2d 839 (5th Cir. 1967).

view is limited to appellant's constitutional challenge.

Although appellant did challenge the jury selected to try the serious criminal charges pending against him, at no time during the voir dire examination of the panel did he assert any challenge to the panel's make-up. Rather, he raised the issue during the following colloquy after the jury had been empaneled, sworn and had retired to the jury room:

WEIRES [counsel for appellant]: Can I at this time place a challenge against the jury of this panel and the manner of selection because there are no Latin names on the panel or on the selection list?

THE COURT: You have the newest jury selection challenge in the division.

It is amazing everybody here is from Broward County. The point is, they do not list them in order in which they are drawn on that list, they just draw out all they need for a week, put them down and then arrange them chronologically and put them on the list.

Is that correct, Mr. Clerk?

THE CLERK: Right. They then split the list up.

THE COURT: The reasons they do it—these numbers are they listed chronologically?

THE CLERK: Yes, sir.

THE COURT: So it follows then, for ease of handling, they list them chronologically.

So the original problem arose, for ease of handling, they list them chronologically and what happened, if you go back to the beginning, they took these lists from various registers, the first one they put in there was Dade County, therefore they had the lowest numbers, then they went out and received one from Broward County and put them in second and gave them a higher number.

When they draw them out of the box ultimately for a two week service they put them in chronological order for ease of handling.

So in picking juries and calling numbers you can look down the list and come up with them, otherwise you would be fumbling through here all the time. It simply works out that for certain trials you have Dade County people and other trials you have Broward County people.

I have some thirty ones here and every one is from Broward County.

THE MARSHALL: Every two weeks we have the duty of picking out numbers from prospective juries. It always follows that way. The same thing if we have a court in West Palm Beach.

MR. FARRAR: The only time the problem arises as to—

THE COURT: That is because it is a different division of the Court. You do not have Dade County people in West Palm Beach, but the problem is that Broward and Dade are in the same division of the Court, the Miami Division. I do not think it violates the law.

You are talking about a cross section of persons from whom these names are drawn, but it certainly is worthy of consideration.

MR. WEIRES: The difficulty comes in, as I attempted to explain to the Court, is that you are regionalizing.

THE COURT: I understand your thought. The question is is it violative of the Constitution?

I have been around long enough to understand what you are saying. It may be a pretty good point. I have never had it raised before.

I am going to deny your motion and try the case and if your man is convicted you may want to argue this in detail. It is not unusual; I wonder why I did not notice it before. It does not always breakdown on that list, we have half and half some times.

■ Thus counsel for appellant raised his objection to the jury's lack of individuals with "Latin names" after the jury was empaneled. The court denied appellant's motion but invited him to renew his objection if the jury returned a verdict of guilty at the end of the trial. In his motion for a new trial, however, appellant asserted only that there was insufficient evidence to sustain his conviction and did not renew the jury challenge issue. The Government now argues that appellant's original untimely presentation of his objection to the composition of the jury panel and his failure to assert such error in his motion for a new trial operated as a waiver of the jury composition issue.

The Government places reliance for its waiver argument on 28 U.S.C. § 1867(a) and (e) of the Jury Selection and Service Act of 1968. Subsection (a) delineates the procedures to be followed by one who wishes to challenge a jury plan because it contravenes the purposes and scope of the Act. That provision reads:

> In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered by the exercise of diligence, the ground therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury.

Further, subsection (e) provides in part:

> The procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime, the Attorney General of the United States or a party in a civil case may challenge on the ground that such jury was not selected in conformity with the provisions of this title.

The Government contends that by waiting until the day of trial and after the voir dire examination to object to the jury selection procedures, appellant's challenge on statutory grounds was untimely.

■ The Government's position is clearly the correct one. The appellant has failed to preserve any timely objection to the jury selection process on statutory grounds which is reviewable by this court.[2] The House Committee which conducted hearings on the Act stated concerning § 1867 that:

> First, the bill sets time limitations upon the availability of challenges. Subsections (a), (b), and (c) specify that challenges must be offered before the voir dire begins. And if the challenging party discovered, or in the exercise of diligence could have discovered, the grounds for the challenge earlier, the challenging motion must be made within 7 days of that earlier dates.[3]

Thus, the critical point for determining the timeliness of statutory challenges to jury selection procedures is the voir dire examination. One who fails to assert challenges before or during voir dire is foreclosed from later tardy actions which attack the validity of the jury plan.

Although a statutory challenge is not now available to appellant, we cannot ignore the fact that his attack may have constitutional dimensions. Subsection (e) of § 1867 of the Jury Selection and Service Act contains the following provision:

> Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, na-

---

2. In his brief appellant "contends that his challenge is not a statutory one, but one of constitutional dimension; . . ." Supplemental Brief for Appellant at 2.

3. H.Rept. 1076, 90th Cong., 2d Sess. p. 15, U.S.Code Cong. & Admin.News 1968, p. 1805.

tional origin or economic status in the selection of persons for service on grand or petit juries.

In his brief appellant argues forcefully that his challenge was a constitutional one.[4] While not ruling on whether appellant has asserted a cognizable constitutional deprivation, we think his motion to the court below has sufficient constitutional implications to compel us to remand this case. Upon remand the court should conduct such proceedings as may be necessary to determine whether the jury selection plan of the Southern District of Florida for the Random Selection of Grand and Petit Jurors *as applied* in this case denied the appellant due process of law.[5]

■ On remand, the burden[6] will be on appellant to prove that the jury selection process utilized in his case systematically and arbitrarily excluded a cognizable class or ethnic group from jury service[7] to his prejudice. His

proof must demonstrate that such procedure defeated "a fair possibility for obtaining a representative cross-section of the community."[8] If the district court determines that appellant's contentions have merit, then it should grant him a new trial and other appropriate relief which is necessary to afford him full constitutional protections under the fifth amendment.[9]

■ The necessity for a remand arises from the total lack of development in the court below of the pertinent facts necessary to a resolution of the crucial issue asserted here. We cannot rule on a jury challenge based on assumptions, presumptions and factual assertions found only in appellant's brief. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). If appellant has asserted meritorious constitutional deprivations, his rights should be vindicated and protected. However, until an ade-

4. The appellant states the Constitutional issue in his brief as follows:

Whether the arbitrary and "artificial" method of dividing the random selected jurors into groups according to the county in which they reside, excludes a cognizable group and therefore is unconstitutional as to deny the Defendant due process of law?

Brief for appellant at iv.

5. By its terms 28 U.S.C. § 1867 applies only to challenges under the Act. Since it appears that the challenge of appellant presents an alleged constitutional issue, section 1867 does not bar his presentation of the jury question. The House Committee which conducted hearings on the Act pointed out that section 1867 was not intended to "preclude any person or the United States from asserting rights created by other statutes or for enforcing constitutional rights." H.Rept. 1076, 90th Cong., 2d Sess. p. 16, U.S.Code Cong. & Admin.News 1968, p. 1806. See also, United States v. Arnett, 342 F.Supp. 1255, 1258 (D.Mass. 1970); Rule 12(b)(2) of the Federal Rules of Criminal Procedure; Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216, 224 (1973).

6. Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970); Whitus v. Georgia, 385 U.S. 545, 87

S.Ct. 643, 17 L.Ed.2d 599 (1967); Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947); United States v. Kuhn, 441 F.2d 179, 181 (5th Cir. 1971); Mobley v. United States, 379 F.2d 769, 771 (5th Cir. 1967).

7. Here appellant asserts that Latin Americans have been systematically and arbitrarily excluded. Appellant should establish by appropriate proof that Latin Americans are clearly a cognizable class or ethnic group in the Miami Division if such is the fact. See Hernandez v. Texas, 347 U.S. 476–479, 74 S.Ct. 667, 98 L.Ed. 866 (1954); Muniz v. Beto, 434 F.2d 697, 701 (5th Cir. 1970). See note 4, *supra*.

8. Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 1906, 26 L.Ed.2d 446 (1970). See also, Smith v. Texas, 311 U.S. 128, 130, 61 S.Ct. 164, 85 L.Ed. 84 (1940); Thiel v. Southern Pacific Company, 328 U.S. 217, 220, 66 S.Ct. 984, 90 L.Ed. 1181 (1946); Scott v. Walker, 358 F.2d 561, 564 (5th Cir. 1966).

9. On remand appellant should be given ample opportunity to file whatever motions are necessary for a complete and fair review of his contentions. See Mobley v. United States, 379 F.2d 768, 773–774 (5th Cir. 1967).

·quate and well-developed record is presented for review, this court cannot proceed to resolve the merit or lack of merit· of appellant's serious allegations.

Remanded with directions.