UNITED STATES of America,
Plaintiff-Appellee,

v.

Walter John CARTER,
Defendant-Appellant.

No. 77–5500
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1978.

Rehearing Denied March 27, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

Walter John Carter, pro se.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Anne M. Srebro, Asst. U. S. Atty., Dallas, Tex., Gerhard Kleinschmidt, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Carter appeals his jury conviction of willfully supplying false information to his employer on an employee's withholding certificate, Form W–4E in violation of 26 U.S.C. § 7205. On the Form W–4E appellant had certified that he had incurred no liability for federal income tax in 1975 and anticipated no federal income tax liability for 1976 when, in fact, he had incurred tax liability for both years.

Appellant was not denied the right to counsel by the court's refusal to allow him representation by a lay person. *U. S. v. Cooper*, 5 Cir. 1974, 493 F.2d 473, *cert. denied*, 419 U.S. 859, 95 S.Ct. 108, 42 L.Ed.2d 93 (1974). The court did not deny appellant sufficient time to find licensed counsel. During a three month period the trial judge repeatedly advised him to obtain counsel.

Appellant challenges the selection of grand and petit juries on two grounds. First, he contends that the selection of jurors from a voter registration list excluded a substantial portion of the community because a substantial portion of the popula-

tion in the counties involved were not registered to vote. Although appellant made a timely objection to the jury array, he failed to meet the burden of showing that the selection process systematically and arbitrarily excluded a cognizable class from jury service to his prejudice. *See, U. S. v. De Alba-Conrado*, 5 Cir. 1973, 481 F.2d 1266. The use of voter registration lists has been upheld by this court. *See U. S. v. Goff*, 5 Cir. 1975, 509 F.2d 825, *cert. denied*, 423 U.S. 857, 96 S.Ct. 109, 46 L.Ed.2d 83 (1975). *See also U. S. v. Grismore*, 10 Cir. 1976, 546 F.2d 844.

▆▆▆ Second, he contends that a vacancy in the post of jury commissioner violated the Federal Jury Selection Act. 28 U.S.C. § 1861 *et seq.* Section 1863(b)(1) provides that the jury selection plan shall "either establish a jury commission, or authorize the clerk of the court, to manage the jury selection process." The plan for the Northern District of Texas specified that a jury commissioner should be appointed, but also deputized the clerk to perform alone any act that could be performed by the jury commissioner. The post of jury commissioner had apparently been vacant for several years at the time of appellant's trial, but the clerk had been carrying out all necessary tasks. Appellant argues that the jury commissioner vacancy violated both the plan and the statute. The failure to appoint a commissioner did not require dismissal of the indictment. Section 1867 requires dismissal for a substantial failure to comply with the Act. *See U. S. v. Davis*, 5 Cir. 1977, 546 F.2d 583. Because not every technical violation is a substantial failure to comply, the alleged violation must be weighed against the goals of the Act. *Id.* The chief policy of the Act is to ensure random selection of jurors on objective standards from a fair cross-section of the community. Appellant has not shown that the absence of a jury commissioner had any effect on random selection, application of standards, or obtaining a fair cross-section of the community. Moreover, the Act does not mandate the selection of a jury commissioner, and the local plan gave no more power to the clerk than was proper under the federal statute.

We find no reversible error in the failure to appoint a jury commissioner.

▆▆▆ Appellant contends that the indictment was insufficient to charge an offense. He argues that since 26 U.S.C. § 3402 does not require that he file a Form W–4E, false information supplied on such a form does not constitute an offense under § 7205. This contention is meritless. Section 7205 refers to § 3402. *See, U. S. v. Quilty*, 7 Cir. 1976, 541 F.2d 172, at 176. To avoid withholding under § 3402 appellant had to file either a Form W–4 or a Form W–4E. He chose to file a Form W–4E. Also, while the indictment was not phrased in the exact language of the statute, "employee's withholding certificate" is synonymous to "withholding exemption certificate." Both are withholding certificates. *See, Glenn v. U. S.*, 5 Cir. 1962, 303 F.2d 536, *cert. denied*, 372 U.S. 920, 83 S.Ct. 734, 9 L.Ed.2d 725 (1963).

▆▆▆ Appellant's First Amendment rights were not violated when the government used his 1975 amended tax return to show willful intent. Appellant himself introduced the tax return into evidence and read parts of the return to the jury.

▆▆▆ There was no error in IRS's issuing a summons to appellant's employer for the production of appellant's employment records. Appellant had no interest in the records by way of privilege or ownership and thus no standing to challenge their production. *See, Donaldson v. U. S.*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971).

There is no merit to the charge that the trial judge demonstrated prejudice towards appellant during the trial and during a pretrial hearing.

▆▆▆ That other defendants, some charged with the same offense, received

**456**

lighter sentences does not invalidate the sentence imposed on appellant.

AFFIRMED.