**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerald Don MOORE,**
**Defendant-Appellant.**

**No. 77–5488**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 23, 1978.

Rehearing Denied April 17, 1978.

Gerald D. Moore, pro se.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., R. H. Wallace, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Moore was convicted by a jury of willfully supplying false information to his employer on an employee's withholding certificate, Form W–4E, in violation of 26 U.S.C. § 7205. He stated on the form that he incurred no federal income tax liability in 1975 and anticipated none in 1976. The government proved these statements to be untrue. We affirm.

Moore, who proceeded *pro se* below and in this court, contends on appeal:

1. The jury selection plan in effect in the Northern District of Texas fails to conform to the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.*, because it relies exclusively upon voter registration lists as the random selection source for the master jury wheel.

2. There was a substantial failure to comply with the provisions of the Act because there was a vacancy in the position of jury commissioner.

3. The indictment fails to state an offense.

4. (a) Moore should have been allowed counsel not licensed to practice law.

(b) He was denied reasonable opportunity to obtain the services of counsel at arraignment.

5. The production of Moore's employment records pursuant to IRS summonses directed to his employer violated Moore's Fourth Amendment rights.

6. The trial court acted as Moore's adversary.

7. The evidence was insufficient to permit the jury reasonably to conclude that Moore willfully violated 26 U.S.C. § 7205.

8. Moore's 1975 tax return should not have been used as evidence against him, because it was a petition for redress of grievances protected by the First Amendment.

9. Moore's sentence should be reduced because other defendants who pleaded guilty to the same offense received more lenient sentences.

This is a companion case to *U. S. v. Carter*, 5 Cir. 1978, 568 F.2d 453. In *Carter*, we affirmed a conviction for a similar violation of § 7205 (entered by the same court). That case is dispositive of points 1, 2, 3, 4a, 5, 8 and 9.

As to point 4(b), Moore was not denied reasonable opportunity to obtain counsel for his arraignment. The trial court granted one continuance of the arraignment to allow Moore to retain counsel. Moore was advised that no further delay would be permitted, yet he again appeared without counsel. The court then fully explained to Moore his rights and ascertained that he understood them. Upon determining that Moore had read the indictment and understood the charge, the court entered a not guilty plea for Moore. There was no error in this procedure.

With respect to point 6, the instances complained of by Moore were not judicial misconduct. To the contrary, the record shows that the court was patient and considerate with Moore and assisted him from time to time during trial.

On the willfulness issue, point 7, the evidence clearly establishes that Moore knew that the information he entered on the W–4E form was false, and that he submitted it in order to avoid the withholding of income taxes for which he was liable. There was ample evidence to go to the jury on all elements of the offense.

AFFIRMED.