UNITED STATES of America,
Plaintiff-Appellee,

v.

William Lorain EVANS, III,
Defendant-Appellant.

No. 77–5342
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 13, 1978.

Rehearing Denied July 27, 1978.

William Lorain Evans, III, pro se.

Kenneth J. Mighell, U. S. Atty., Jimmy L. Talent, R. H. Wallace, Jr., Gerhard E. Kleinschmidt, Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

Defendant William Evans filed an "Employee's Withholding Exemption" certificate with his employer Bell Helicopter on May 27, 1976. On this certificate he claimed ninety-nine exemptions despite the

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

fact that he claimed only four exemptions on his 1975 federal income tax return. Evans was subsequently indicted for supplying a false and fraudulent statement on an Internal Revenue Service Form W–4 submitted to his employer in violation of 26 U.S.C. § 7205. Evans was found guilty following a jury trial and he was sentenced to one year imprisonment. On this appeal Evans raises numerous objections to his conviction: 1) the proof at trial which showed the falsification of a form supplied by his employer varied from the indictment which charged falsification of an Internal Revenue Service Form W–4; 2) the evidence was insufficient to show that the form was falsely and fraudulently completed; 3) the evidence was insufficient to prove that any false statement was wilfully supplied; 4) the trial court denied Evans his right to counsel of his choice at arraignment; 5) the trial court denied Evans his right to counsel of his choice at trial; 6) the Constitution does not authorize Congress to enact criminal penalties on taxation matters; 7) preassessment of taxes under the withholding system is an unconstitutional bill of attainder; and 8) the trial court committed reversible errors during the course of the trial.

■ This Court has recently considered other cases involving defendants who made false and fraudulent statements on tax withholding forms. The defendants in those cases raised as error contentions similar to contentions 1, 2, 3, 4, and 5 in this case. See United States v. Moore, 5 Cir., 1978, 569 F.2d 1312; United States v. Sparlin, 5 Cir., 1978, 569 F.2d 1314; United States v. Stephens, 5 Cir., 1978, 569 F.2d 1372; United States v. Carter, 5 Cir., 1978, 568 F.2d 453; United States v. Arlt, 5 Cir., 1978, 567 F.2d 1295. Our analysis of the circumstances in those decisions explains why Evans' similar contentions are without merit. In addition, we conclude that the contentions that the Constitution does not authorize Congress to enact criminal penalties on taxation matters and that the withholding system for taxes is prohibited by the Bill of Attainder clause of the Constitution are frivolous. See McMullen v. United States, W.D.Tenn., 1977, 39 A.F.T.R.2d 77–628.

■ We also find that the alleged irregularities at the defendant's trial are not grounds for reversal. Evans lacks standing to object that records admitted at his trial were obtained from his employer through an administrative summons rather than by subpoena or search warrant. See Fisher v. United States, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). The jury instructions given by the trial judge adequately stated the law relevant to the defendant's case. See, e. g., United States v. Marchese, 2 Cir., 1971, 438 F.2d 452; Pine v. United States, 5 Cir., 1943, 135 F.2d 353, cert. denied, 320 U.S. 740, 64 S.Ct. 40, 88 L.Ed. 439 (1943). The questioning of witnesses by the trial court was pertinent to material facts and was not prejudicial to the defendant. See United States v. Delaughter, 5 Cir., 1972, 453 F.2d 908, cert. denied, 406 U.S. 932, 92 S.Ct. 1769, 32 L.Ed.2d 135 (1972). Finally, the comments of the court and the prosecutor did not constitute prejudice requiring reversal.

AFFIRMED.