ARBUCKLE BROADCASTERS, INC., doing business as Radio Station KKAJ, and Insurance Company of North America

v.

ROCKWELL INTERNATIONAL CORP., acting by and through its Collins Radio Group.

No. CA3–77–1546–F.

United States District Court, N. D. Texas, Dallas Division.

July 8, 1980.

Tom E. Smith, Oklahoma City, Okl. and Jim D. Lovett, Clarksville, Tex., for plaintiffs Arbuckle and Ins. Co. of North America.

James S. Maxwell, Maxwell, Bennett, Thomas & Maxwell, Dallas, Tex., for plaintiff Ins. Co. of North America.

Ernest E. Figari, Jr., Johnson, Swanson & Barbee, Dallas, Tex. and David P. Seikel, Morris, Campbell & Seikel, Houston, Tex., for defendant Rockwell Intern.

## MEMORANDUM ORDER

ROBERT W. PORTER, District Judge.

Plaintiff Insurance Company of North America (joined by Plaintiff Arbuckle Broadcasters, Inc.) has moved this Court to declare a mistrial and to set aside the verdict of the jury returned in this cause on January 9, 1980. Insurance Company of North America (hereinafter INA) alleges that the petit jury panel of 32 persons summoned by the Court for selection of a jury in this action, and thus the jury actually seated, was selected contrary to the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861 *et seq.* and contrary to the United States Constitution. In support of its motion Plaintiff relies on the evidence adduced in *United States v. Curry,* CR3–79–111, CR3–79–112, and CR3–79–135 (N.D.Tex., March 10, 1980) and seeks a stay of these proceedings so that further discovery may be had and an evidentiary hearing held.

The above referenced cause, filed in 1977, came on for trial on November 5, 1979, at which time a jury was impanelled. Following nearly ten weeks of trial, the jury returned a verdict against the Plaintiffs in virtually all respects. Almost ten weeks after the verdict was entered and after numerous other post-trial motions, in light of revelations of possible misconduct in the selection of the jury in another case then pending in this district, *United States v. Curry, supra,*[1] INA filed the instant motion.

---

1. Widespread local attention was directed at the jury selection procedures employed by the Dallas Division of the Northern District of Texas when, in *Curry,* possible irregularities were revealed by the testimony of the jury clerk in the U.S. District Clerk's office. The clerk testified that it had been her practice to alternate names so as to spread jurors evenly throughout a panel on the basis of sex, although Judge Higginbotham found that there was no evidence that jurors were added to or excluded from a panel on the basis of sex. *McGinnis v. M. I. Harris, Inc.,* 486 F.Supp. 750, (N.D.Tex.

1980) (memorandum order). It was further elicited that the clerk may have granted excuses to jurors without authorization, that she attempted to avoid assigning jurors to panels if they had already served as jurors on a long trial during the current month, and that she had used those not selected for a particular jury as panelists for another jury trial starting the same day. All of these procedures were arguably not within the jury selection plan of this district and were possible violations of 28 U.S.C. § 1861 et seq. *Id.* These possible irreg-

It alleges that its statutory right to a jury "selected at random from a fair cross section of the community", 28 U.S.C. § 1861, was infringed, and that it was deprived of its Constitutional rights of due process and trial by jury.

As will be further set out below, the Court has determined that INA is time-barred from challenging any deviation from the statutory procedures for jury selection (including any deviation from the Plan for Jury Selection adopted by the Northern District of Texas pursuant to the statute.) The Court also concludes that INA has failed to establish that any constitutional violation has occurred.

## I.

The statutory scheme for selection of jurors in the district courts is contained in 28 U.S.C. § 1861 *et seq.* Section 1861 sets out the declared policy of Congress that "all litigants in Federal Courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community...", and

subsequent provisions of the Act seek to implement this policy. INA contends that the statute was violated insofar as individuals were chosen or excluded from the jury panel on the basis of sex.[2] INA further claims that alleged failures of officials of this Court to comply with the requisite methods of selecting a jury panel, specifically the methods by which potential jurors were exempted or excused from jury service, constituted a substantial failure to comply with the Act.[3]

The statute contemplates that the venire and jury panels be randomly selected, and 28 U.S.C. § 1867(c) delineates the procedures to be followed by a party who wishes to challenge a jury plan because it contravenes the purposes or scope of the Act. The provision states:

In civil cases, before the voir dire examination begins, or within seven days after the party discovered or could have discovered, by the exercise of diligence, the grounds therefor, *whichever is earlier,* any party may move to stay the proceed-

ularities form the gravamen of the complaint herein.

**2.** 28 U.S.C. § 1862 provides:
No citizen shall be excluded from service as a grand or petit juror in the district courts of the United States on account of race, color, religion, sex, national origin, or economic status.

**3.** 28 U.S.C. § 1866(c) outlines the criteria upon which exemption or exclusion from jury service may be predicated:
Except as provided in section 1865 of this title or in any jury selection plan provision adopted pursuant to paragraph (5) or (6) of section 1863(b) of this title, no person or class of persons shall be disqualified, excluded, excused, or exempt from service as jurors: Provided, that any person summoned for jury service may be (1) excused by the court, upon a showing of undue hardship or extreme inconvenience, for such period as the court deems necessary, at the conclusion of which such person shall be summoned again for jury service under subsections (b) and (c) of this section, or (2) excluded by the court on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings, or (3) excluded upon peremptory challenge as provided by law, or (4) excluded pursuant to the procedure speci-

fied by law upon a challenge by any party for good cause shown, or (5) excluded upon determination by the court that his service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations ... Any person excluded from a particular jury under clause (2), (3) or (4) of this subsection shall be eligible to sit on another jury if the basis for his initial exclusion would not be relevant to his ability to serve on such other jury.

The plan for the Selection of Grand and Petit Jurors in All Divisions of the Northern District of Texas, Paragraph 11, further ensures randomness by providing that:
From time to time, as directed by the court, the commission or clerk shall publicly draw, from the qualified jury wheel the names of persons in the number required for grand and petit jury service ... The names of persons drawn from the qualified jury wheel shall be permanently affixed to a card suitable for jury attendance and other statistical purposes, and a list shall be prepared of such persons in the order in which they were drawn from the qualified jury wheel. Thereafter, they shall be assigned to grand and petit jury panels in the order in which they are drawn from the qualified jury wheel, as nearly as may be practicable.

ings on the ground of substantial failure to comply with the provisions of this title in selecting the petit jury. (emphasis added)

■ Section 1867 sets time limits on challenges to jury selection, and INA insists that the "whichever is earlier" language is susceptible to the interpretation that challenges may be raised at any time if within seven days of when they are discovered or could have been discovered by the exercise of due diligence. However enticing that construction may be, it is simply not thwrlaw. The legislative history and the case law make it abundantly clear that complaints as to violations of the Act must be made no later than the commencement of voir dire, regardless of the date of actual or imputed knowledge of irregularities in juror selection. See H.R.Rep.No. 1076, 90th Cong., 2d Sess. (1968), *reprinted in* 1968 U.S.Code Cong. & Admin.News 1792, 1805; [4] *United States v. Hawkins*, 566 F.2d 1006 (5th Cir.), *cert. denied*, 439 U.S. 848, 99 S.Ct. 150, 58 L.Ed.2d 151 (1978); *United States v. Kennedy*, 548 F.2d 608 (5th Cir.), *cert. denied* 434 U.S. 865, 98 S.Ct. 199, 54 L.Ed.2d 140 (1977); *United States v. De Alba-Conrado*, 481 F.2d 1266 (5th Cir. 1973); *McGinnis v. M. I. Harris, Inc.*, 486 F.Supp. 750, (N.D.Tex.1980) (memorandum order). It is well established in this circuit that "the statute is one designed to flesh out objections to jury selection in the pretrial stages," *Hawkins, supra*, at 1013, and the appellate court has unequivocally stated that "[o]ne who fails to assert challenges before or during voir dire is foreclosed from later tardy actions which attack the validity of the jury plan." *De Alba-Conrado, supra*, at 1269.

INA failed to file its motion within the prescribed time limits of the statute, yet it argues that under the circumstances it could not have been expected to have raised its objections any earlier than it has. Equitable considerations, therefore, should move the Court to excuse INA from the express requirements of the applicable law and allow it to assert its claim in an untimely manner. In urging that its statutory challenge should not be foreclosed, INA relies on dicta where the Fifth Circuit suggested that there might exist "particular circumstances" excusing compliance with the strict procedural prerequisites to a statutory jury challenge. *Kennedy, supra*, at 613; *Hawkins, supra*, at 1013.

While INA's argument is superficially persuasive, it neglects to recognize that the statute makes no provision for excuse or variance from the prescribed method for challenging jury selection.[5] The *Hawkins* Court recognized that fact, however, when it qualified the aforementioned implication:

Such an interpretation is fraught with problems. It contravenes the express language of the statute . . . and the apparent intent of Congress. . . .

*Id.*, n.13. Indeed, that the statute does not contemplate the granting of a new trial for a violation of the Act could not be clearer, since the only remedy provided is a stay in the proceedings until a jury can be selected in conformity with the statute. This Circuit has underscored that plain meaning of the statute by noting that a claim of "substantial failure to comply" with the Act is inappropriate for post-trial motions. *Id.*

Even were I to admit that compliance with the statute might be excused on equitable grounds, INA has totally failed to convince the Court that such relief is warranted here. Plaintiff has made no contention that either the trial court or opposing counsel had any knowledge of irregularities

---

**4.** The House Report clearly points out:

[T]he bill set time limitations upon the availability of challenges. Subsections (a), (b), and (c) specify that challenges must be offered before the voir dire begins. And if the challenging party discovered, or could have discovered, the grounds for the challenge earlier, the challenging motion must be made within seven days of that earlier date.

**5.** The statute does not provide for late objections:

The procedures prescribed by this section shall be the exclusive means by which . . . a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title . . . (28 U.S.C. § 1867(e)).

of which it was unaware, as *Hawkins* implied might be grounds for equitable relief, *Id.*, at 1013, nor could it make such an assertion. Too, while INA claims that it filed its motion within five days of when it became aware of potential irregularities in the jury selection process and that no more should be required of it, it does not assert that it made any effort at all to discover any improprieties before the voir dire examination. As the defendant aptly points out, if the Court were to accept INA's position, almost any party uncovering a violation of the act subsequent to voir dire could demand excuse from the time requirements of the statute merely by alleging that it did not have actual notice of such violation. That such an interpretation would render the statute virtually meaningless is indisputable. Congress clearly did not intend to create a statutory method for overturning jury verdicts. Consequently, I hold that INA is time-barred from making its assertions as to statutory violations.

At this point only brief mention is required of INA's request for a stay so that it might conduct discovery and so that the Court might hold an evidentiary hearing. A court should stay the proceedings for the purpose of allowing discovery and conducting an evidentiary hearing only during the pendency and preparation of a motion filed under section 1867. Since the Court has declined to reach the merits of INA's motion under section 1867 because it was improperly filed, INA is not entitled to further discovery or to an evidentiary hearing.

## II.

■ INA has alleged that the alteration of names on the jury panel on the basis of sex denied it due process of law and infringed its right to a trial by jury under the Seventh Amendment to the United States Constitution. Although INA may not assert a statutory claim in regard to the violations herein alleged, its constitutional claims are yet to be considered.[6] The Fifth Circuit explained in *Kennedy, supra,* that "forfeiture of the statutory claim in no way affects the sanctity of [the] due process right to be tried by a jury drawn from a fair cross section of the community." 548 F.2d at 614.

■ Assuming that the due process clause is applicable to civil cases of this nature, *McGinnis, supra,* at 755, the standard by which this court must examine alleged constitutional violations is that laid out in *Taylor v. Louisiana*:

Defendants are not entitled to a jury of any particular composition ... but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.

419 U.S. 522, 538, 95 S.Ct. 692, 701, 42 L.Ed.2d 690 (1975). Thus, the due process clause guarantees to litigants a jury drawn from a fair cross section of the community under a procedure that does not tend to exclude any discernable or cognizable class of persons. *Kennedy, supra; McGinnis, supra.* There is, however, no constitutional requirement that a jury be selected *randomly.* Indeed, the Fifth Circuit has emphasized that "the right to a jury 'selected at random' is a statutory creation ... not a constitutional command." *Hawkins, supra,* at 1014. *See also, Kennedy, supra,* at 614.

It is INA's task to convince this court that the jury selection procedure used in this case "systematically and arbitrarily excluded a cognizable class or ethnic group from jury service to [its] prejudice." *De Alba-Conrado, supra,* at 1266. In order to make out a prima facie case of constitutional dimension, INA must prove:

(1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this

---

**6.** Subsection (e) of § 1867 of the Jury Selection and Service Act provides in relevant part:

Nothing in this section shall preclude any person ... from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries.

group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). In the instant case, Plaintiff has not met its burden of establishing any of the three prongs and has thus failed to show a violation of the fair cross-section requirement.

INA has alleged that some potential panelists were excluded from the jury panel simply because of their sex. *Assuming arguendo* that this be true, it does not rise to the level of a constitutional violation. Although the Constitution requires only that the jury be drawn from a fair cross section of the community not excluding any identifiable class of persons, INA has not identified a distinctive or cognizable group that has been excluded. There is nothing in the facts here to suggest that the jury panel was not drawn from a fair cross section of the community. Far from limiting the panel to special groups or excluding distinctive segments of the community, the process allegedly used merely included identifiable segments of the community in equal numbers.

INA insists, nevertheless, that even if no cognizable class was excluded it is entitled to a new trial because of the appearance of bias in the selection procedure. This argument is based on the Supreme Court's statement that "[d]ue process is denied by circumstances that create the likelihood or appearance of bias." *Peters v. Kiff*, 407 U.S. 493, 502, 92 S.Ct. 2163, 2168, 33 L.Ed.2d 83 (1972). The plurality opinion in *Kiff* is not, however, to be construed too broadly. According to the Fifth Circuit, "[t]hat opinion did not suggest that any appearance of bias in the selection of petit jurors violated due process. Rather, the . . . observations were made in the context of the 'exclusion from jury service of a substantial and identifiable class of citizens,' specifically blacks." *Hawkins, supra*, at 1015. INA has not shown that either men or women as a group were

excluded from the jury panel or that the proportion of men to women was systematically affected by the clerk's practice of alternating names on the jury list. I hold, therefore, that INA has raised no cognizable constitutional claim.

### CONCLUSION

In a recent opinion deciding precisely the same facts and applying identical legal principles, Judge Higginbotham noted that "[t]hose who have been fairly tried and have lost at the hands of civil or criminal juries in this district may have had their expectations of escape from justice raised by the publicity surrounding recent events, but that expectation was falsely raised." *McGinnis, supra*, at 759. That sentiment is equally applicable to the case at bar. INA's statutory claim having been foreclosed and no constitutional infirmity having been demonstrated, Plaintiff's motion for a mistrial and for a stay in the proceedings is in all things denied.