802 F.2d 460
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell J. LEONARD, Defendant-Appellant.
 No. 85-5676.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1986.
 
 Before ENGEL, CONTIE and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dr.Russell Leonard, appearing pro se, appeals his conviction on three counts of willful failure to file a tax return for the years 1978, 1979 and 1980, in violation of 26 U.S.C. Sec. 7203. Since none of appellant's contentions have merit, we affirm the judgment of the district court.
 
 
 2
 Dr. Leonard filed tax returns for the years 1974 through 4 1977, and paid his taxes for those years in full. In 1978, he filed a signed form 1040, but the form revealed nothing about the taxpayer or his taxable income. specifically, it did not give his address, occupation, social security number, or any income figures. In the spaces provided for numerical entries, Dr. Leonard placed asterisks, which referred the reader to the following statement typed at the bottom of the form: "[t]his means specific objection is made under the ist, 4th, 8th, 9th, 10th, 13th, 14th and 16th Amendments."
 
 
 3
 Evidence at trial indicated that Dr. Leonard's income for the tax years 1978, 1979 and 1980 was $71,529, $63,689, and $71,420, respectively. His trial began on June 4, 1985, and the jury returned a guilty verdict on all three counts two days later. He was sentenced to one year imprisonment and a $10,000 fine upon each of counts one and two of the indictment, the sentences to be served consecutively, and three years' probation on the third count, the probation to commence upon his release from confinement.
 
 I.
 
 4
 Dr. Leonard begins with the contention that the district court lacked jurisdiction over this criminal tax prosecution because Congress does not have constitutional authority to create federal court jurisdiction over crimes relating to tax matters. The appellant's argument is so lacking in merit and the law is so clearly to the contrary as to require no discussion of the point. See United States v. McMullen, 755 F.2d 65, 67 (6th Cir. 1984), cert. denied, 106 S.Ct. 92 (1985).
 
 II.
 
 5
 Dr. Leonard next contends that the judiciary lacks the necessary constitutional "independence" to hear and decide his case. He contends that "the threat of executive branch reprisals against members of the trial court could have caused bias against the defendant in this case. if Appellant has presented no evidence whatever to support this claim. Therefore, we consider this claim no further.
 
 III.
 
 6
 Dr. Leonard's third assignment of error is that his arraignment was conducted without the presence of counsel and thus violated the right to counsel provision of U.S. Const. amend. VI.
 
 
 7
 The record shows that at the scheduled arraignment on January 11, 1985, the district court advised Dr. Leonard that he had a right to be represented by counsel and to have the assistance of counsel at the arraignment. Dr. Leonard responded that he desired to be represented by counsel, and stated that he had the necessary funds to retain a lawyer. The court thereupon continued the proceeding until January 24, 1985, to enable appellant to retain counsel. Thereafter, at appellant's request, the proceedings were adjourned for another six days, until January 30, 1985. On that date, appellant appeared for arraignment without counsel. The trial court inquired about appellant's readiness to proceed:
 
 
 8
 THE COURT: So, you do not have an attorney present for the arraignment but it is your desire to proceed with the arraignment, is that not correct?
 
 
 9
 THE APPELLANT: Yes, sir.
 
 
 10
 We conclude that since Dr. Leonard's arraignment was conducted only after the court granted two continuances so that appellant could make arrangements for the appearance of counsel, and after the court informed Dr. Leonard of his rights and ascertained that he understood them, it was not reversible error for the arraignment to proceed without counsel present. See United States v. Moore, 569 F.2d 1312, 1313 (5th Cir. 1978).
 
 IV.
 
 11
 Appellant's next four claims of error relate to the jury instructions. Since Dr. Leonard's counsel made no objection to the instructions given to the jury, our review is limited to a determination whether the instructions given were plain error. United States v. Warner, 690 F.2d 545 (6th Cir. 1982); Fed. R. Crim. P. 30 & 52(b). "Plain error requires a finding that, taken as a whole, the jury instructions were so clearly erroneous as to likely produce a grave miscarriage of justice." United States v. Piccolo, 723 F.2d 1234, 1241 (6th Cir. 1983), cert. denied, 466 U.S. 970 (1984). We are satisfied that none of the jury instruction errors alleged by Dr. Leonard amount to plain error.
 
 
 12
 * First, Dr. Leonard contends the district court "invaded the province of the jury" in its instruction on what constitutes a tax return under 26 U.S.C. Sec. 7203. The tax return filed for the 1978 tax year contained no information except appellant's signature, and his assertion that furnishing income information would violate several of his constitutional rights. In order to convict appellant of willful failure to file a tax return under Sec. 7203, the United States was obligated to prove that Dr. Leonard was required to file a return, that he did not file, and that the failure to file was willful. On the issue of whether Dr. Leonard filed a return, the trial court instructed the jury that:
 
 
 13
 A document which contains no information from which tax liability can be calculated does not constitute a tax return within the meaning of the Internal Revenue Code.
 
 
 14
 Dr. Leonard contends that this instruction compelled the jury to decide that he had failed to file a tax return. In United States v. Goetz, 746 F.2d 705 (11th Cir. 1984), the trial court concluded that, as a matter of law, the document filed was not a return. The Court of Appeals held: "In doing so, the lower court applied the facts to the law, thus invading the province of the jury." Id. at 708. However, the trial judge in this case did not make such a determination. He carefully stated the law and left it to the jury to determine whether the document filed by appellant was indeed one "which contains no information from which tax liability [could] be calculated," and to apply the facts as they found them to the law as given to them. United States v. Heise, 709 F.2d 449, 451 (6th Cir.), cert. denied, 464 U.S. 918 (1983). Although it was not a difficult application for the jury to make, the district judge did not invade the jury's fact finding prerogative.
 
 B
 
 15
 Dr. Leonard's second argument relating to the jury instructions is that the instruction concerning when a tax return must be filed improperly assigned the burden of proof to him. The district court instructed the jury that:
 
 
 16
 The defendant is a person required to file a return if his gross income for the calendar year 1978 exceeded 4,700 dollars, and in 1979 and 1980 his gross income exceed 5,400 dollars, even though he may be entitled to deductions from that income in a sufficient amount so that no tax will be due.
 
 
 17
 Rather than "shifting the burden" of proof to the appellant, the court simply stated the applicable law. The jury was left to apply the law to the facts as they found them from the evidence presented at trial. Accordingly, there was no error.
 
 C
 
 18
 Appellant claims the district court's instruction on the willfulness requirement of Sec. 7203 was plain error. If Dr. Leonard had a good faith belief that the return filed complied with the law, he could not be convicted of willful failure to file an income tax return. See Battjes v. United States, 172 F.2d 1, 4 (6th Cir. 1949), in which the court held that a bonafide misconception of the law is defense to a charge of willful tax evasion. Here, the district court instructed the jury that:
 
 
 19
 If a person in good faith believes that he has done all that the law requires, he cannot be guilty of the criminal intent to willfully fail--willfully fail to file a tax return. But if a person acts without reasonable ground for belief that his conduct is lawful, it is for the jury to decide whether he acted in good faith or whether he willfully intended to fail to file a tax return.
 
 
 20
 This instruction advised the jury that if they found that Dr. Leonard had a good faith, although perhaps unreasonable, belief that his conduct complied with the law, they must find him not guilty. There was no plain error in the instruction.
 
 D
 
 21
 Dr. Leonard complains that the jury instructions failed to advise the jury how he could lawfully have asserted his fifth amendment right against self-incrimination. The essence of the argument is that the following portion of the instruction was in error:
 
 
 22
 A person may legitimately claim the Fifth Amendment privilege against self-incrimination only when, at the time of the claim of privilege, that person is personally confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination.
 
 
 23
 The instruction is a correct statement of the law. See Zicarelli v. Commission of Investigation, 406 U.S. 472, 478 (1972). The court was not required to address the matter further.
 
 V.
 
 24
 Dr. Leonard next contends that Fed. R. Evid. 403 required exclusion from evidence of the 1978 income tax form 1040 completed by an accountant on his behalf but never filed with the IRS. The accountant testified that at the time he gave Dr. Leonard the completed return, which indicated a tax liability of some $19,000 for 1978, Dr. Leonard stated, "I don't believe I'll file the goddamn thing." Appellant argues that, under Rule 403, it was prejudicial error for the district judge to receive the 1978 form in evidence. Fed. R. Evid. 403 provides that otherwise "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...." (Emphasis added.)
 
 
 25
 The document, considered together with the statement by Dr. Leonard, was significantly probative of appellant's state of mind, specifically the willfulness of his failure to file the 1978 tax return, a critical issue at trial and an element of the offense the government was required to prove. The probative value of the document outweighed the danger, if any, of unfair prejudice. The district judge properly received the evidence.
 
 
 26
 Finally, Dr. Leonard claims the sentence imposed amounts to cruel punishment, and that the fine is excessive. We disagree.
 
 
 27
 The sentence of one year imprisonment and a $10,000 fine ,o upon each of two counts, and three years probation for the third count, is within that authorized by 26 U.S.C. Sec. 7203, which provides that individuals guilty of willful failure to file a tax return "shall be fined not more than $25,000 ... or imprisoned not more than 1 year, or both, together with the costs of prosecution."
 
 
 28
 "Punishment is not 'cruel and unusual,' unless it is so greatly disproportionate to the offence committed as to be completely arbitrary and shocking to the sense of justice." Kasper v. Brittain, 245 F.2d 92, 96 (6th Cir.) (citing United States v. Weems, 217 U.S. 349 (1910) ), cert. denied, 355 U.S. 834 (1957). Dr. Leonard's sentence is not arbitrary nor is it shocking to the sense of justice and, therefore, his claim of cruel punishment is meritless; neither is the fine imposed excessive. In Coker v. Georgia, 433 U.S. 584, 592 (1977), the Supreme Court stated that
 
 
 29
 a punishment is "excessive" and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime.
 
 
 30
 The fine imposed in this case offends neither of the foregoing criteria and is not excessive.
 
 
 31
 For all of the foregoing reasons, the judgment of the district court is affirmed.